FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 MAR -3 AM 8:23

CLERK _L. Ilbaders_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KEVIN W. JONES,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )        CV 108-167
                                   )
VICTOR WALKER, Warden, et al.,     )
                                   )
            Respondents.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, brought the captioned petition pursuant to 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

Petitioner alleges in his petition that he is a terminally ill patient who was transferred from Mens State Prison to ASMP on November 20, 2008. (Doc. no. 1, p. 1). Petitioner states that prior to his transfer, he was informed by his counselor that ASMP offered superior medical care. According to Petitioner, he made a request for a medical reprieve in June 2008 that was turned down because of a criminal charge has pending against him in Richmond

---

[1]As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

County, Georgia since December 2006 or January 2007. (Id. at 2). Petitioner vehemently argues that he should be arrested on this "theft by taking" charge so that he can post bond and be released now. (Id. at 2, 7).

Petitioner goes on to allege that he is being housed in the "mental ward" of ASMP, where he contends he does not belong based on the inmate classification system used by Georgia Department of Corrections. (Id. at 3). According to Petitioner, his signature was falsified on a document that permitted an increase in his classification to "level 3." (Id.). Apparently, this increase in classification level has left Petitioner housed in a chaotic environment with violent inmates. (Id.). Petitioner contends that his status as a terminally ill inmate confined to a wheelchair does not warrant confinement in this particular environment. (Id. at 4). In addition, Petitioner is apparently receiving inadequate medical care at the "level 3 building." (Id.). Specifically, he alleges that there are high ammonia levels in his blood that have caused him to fall down and suffer cracked ribs. (Id. at 4, 7). He also states that he has an enlarged spleen and liver that may rupture and that he is experiencing rectal bleeding without any medical treatment. (Id. at 4). Petitioner also maintains that he has lost 17 pounds since arriving at ASMP and has never heard the "chow call" by prison officials. (Id. at 5).

Petitioner goes on to complain that items he bought at the prison store were stolen and that prison officials have issued a false disciplinary report against him. (Id. at 4-5). As concerns the latter allegation, Petitioner states that he was written up "for not standing for a count of inmates in his unit," even though his medical condition and his medication prevent him from doing so. (Id. at 5). He also accuses Respondent Walker, Warden of ASMP, of

taking his Christmas package sent by his family and concludes by making the vague allegation that prison officials are taking his money to cover court costs. (Id. at 5-6).

## II. DISCUSSION

Petitioner's § 2241 petition does not challenge the fact or duration of his confinement. Instead, Petitioner challenges his level of confinement, medical treatment, disciplinary procedures, and prison officials' interference with his mail and personal property. All such allegations relate to the conditions and circumstances of his confinement at ASMP. The sole function of habeas corpus, however, "is to provide relief from unlawful imprisonment or custody, and it cannot be used for any other purpose." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979), revised by 596 F.2d 658 (5th Cir. 1979).[2] "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Id. To the extent that a petitioner seeks relief from the conditions of his confinement, such relief "is in the form of equitably imposed restraint, not freedom from otherwise lawful incarceration." Id.; accord Stevens v. Heard, 674 F.3d 320, 323 (5th Cir. 1982).

The factual allegations raised in the instant petition challenge the conditions, rather than the fact or duration, of Petitioner's confinement. Such allegations may be appropriate in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, but do not state cognizable

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

grounds for relief in a § 2241 petition.[3] Accordingly, the petition should be dismissed for failure to allege grounds on which § 2241 relief may be granted.

The Court also notes that Petitioner has not alleged that he has exhausted his administrative remedies in this case. The failure of a prisoner to exhaust his administrative remedies prior to filing a complaint or petition in federal court bars a court from granting relief under such a complaint or petition. 42 U.S.C. § 1997e(a); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*). The Eleventh Circuit has held that perceived futility of exhaustion does not excuse a prisoner from pursuing administrative relief before filing a civil complaint in federal court. E.g., Higginbottom v. Carter, 223 F.3d 1260, 1261 (11th Cir. 2000) (*per curiam*).[4] Thus, even if Petitioner had brought the instant claims in a § 1983

---

[3]Concerning the allegation that Respondent Walker impermissibly took his Christmas package, Petitioner's remedy may lie under state law. An allegation that prison officials intentionally deprived an inmate of property fails to state a due process property claim under the Fourteenth Amendment when an adequate state tort remedy exists which would allow the inmate to recover the property from prison officials in a state forum. Hudson v. Palmer, 468 U.S. 517 (1984); Parrat v. Taylor, 451 U.S. 527 (1981), overruled in part by, Daniels v. Williams, 474 U.S. 327 (1986) ("[W]e . . . overrule Parratt to the extent that it states that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment."). The Georgia Tort Claims Act, O.C.G.A. § 50-21-1 et seq., may provide Petitioner with such a remedy under state law.

[3]While the Eleventh Circuit has not explicitly ruled that the futility exception is inapplicable to habeas petitions, Petitioner in this case has not shown the sort of extraordinary circumstances or patent futility in pursuing administrative relief that would excuse exhaustion even if the futility exception were applicable. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (holding futility exception in habeas cases only applicable in "extraordinary circumstances" where petitioner illustrates patent futility); see also Jaimes v. United States, No. 05-14514, 168 Fed. App'x 356, 359, 2006 WL 387440, at *2 (11th Cir. Feb. 21, 2006) (*per curiam*) (observing that whether habeas petitioner "may even assert a futility exception to the [exhaustion] requirement is questionable").

4

complaint or if his claims were cognizable under § 2241, he would not be entitled to relief because of his failure to exhaust his administrative remedies through the grievance procedures at ASMP.

Finally, even if Petitioner had brought his claims in a § 1983 complaint, they would still be subject to dismissal because, aside from accusing Respondent Walker of confiscating his Christmas package, Plaintiff fails to connect any of the named Respondents to any of the alleged acts of misconduct. "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, even if Petitioner had presented his allegations in a § 1983 complaint, in the absence of an allegation connecting any actions of the named Respondents with the alleged unconstitutional deprivations, his complaint would still be subject to dismissal for failure to state a claim for relief against the Respondents named in the petition.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition filed pursuant to 28 U.S.C. § 2241 be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of March, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE